**Tonin POPAJ and Klementina Popaj, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Nos. 02–4690–AG(L), 02–4697–AG(CON).

United States Court of Appeals, Second Circuit.

Oct. 20, 2005.

Marisa C. Petrella, Petrella & Associates, P.C., Southfield, Michigan, for Petitioners.

Roslynn R. Mauskopf, United States Attorney of the Eastern District of New York (Varuni Nelson, Steven Kim, Margaret M. Kolbe, Assistant United States Attorneys, on the brief), for Respondent.

PRESENT: WALKER, Chief Judge, B.D. PARKER, and WESLEY, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 20th day of October, two thousand and five.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

AND DECREED that the petitions for review be DENIED.

Petitioners Tonin Popaj and Klementina Popaj, citizens of Albania, petition for review of an order of the Board of Immigration Appeals ("BIA") entered on October 2, 2002, affirming without opinion a June 23, 2000, decision of an Immigration Judge ("IJ"). The IJ rejected the petitioners' application for asylum and withholding of removal under the Immigration .and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16.

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly).

In this case, the IJ's adverse findings, relating principally to material inconsistencies and omissions in the record, were supported by substantial evidence. *See Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003) (per curiam); *see also Zhang v. INS,* 386 F.3d 66, 71 (2d Cir.2004) ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."). Likewise, the IJ's denial of CAT relief for the petitioners also satisfied the substantial evidence standard. *See Wang v. Ashcroft,* 320 F.3d 130, 144 n. 20 (2d Cir.2003).

We have considered all of the petitioners' claims and find them to be without merit. The petitions for review are therefore DENIED.